**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00268-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Anthony Wayne Hamilton, | |
| Defendant. | |

At issue is "Defendant's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (Compassionate Release)" (Doc. 203), to which the government filed a Response in opposition (Doc. 209) and Defendant filed a Reply in support (Doc. 214). The government filed a Notice of Supplemental Authority (Doc. 215), and Defendant filed a Response to that Notice (Doc. 217) as well as his own Notice of Supplemental Authority (Doc. 216). Finally, the government filed a Second Notice of Supplemental Authority (Doc. 218), to which Defendant responded with a Motion to Strike (Doc. 219).

**I.    Background**

A jury found Defendant guilty of eleven counts of Hobbs Act Robbery under 18 U.S.C. §§ 1951(a) and 2, and eleven counts of Possessing a Firearm During a Crime of Violence under 18 U.S.C. § 924(c), in each Section 924(c) count affirmatively finding that the firearm was used, carried and brandished during and in relation to the associated crime of violence. (Doc. 106.) In 2017, prior to enactment of the First Step Act of 2018[1] ("FSA"),

---

[1] Pub. L. 115-391, 132 Stat. 5222 (2018).

the Court sentenced Defendant to 260 years in custody. The aggregate sentence was comprised of three years for each of the eleven Hobbs Act Robbery counts, all to run concurrently with each other, and 257 years for the eleven Section 924(c) counts, to run consecutively to the three years imposed for the robbery counts. (Doc. 122.)

Section 924(c)(1)(A)(ii) provided at the time of sentencing in this matter—and still provides—that for a first count of conviction where a defendant brandished a firearm during the commission of a qualifying underlying offense, the Court must sentence that defendant to not less than seven years. Also at the time of sentencing, Section 924(c)(1)(C)(i) provided that "[i]n the case of a second or subsequent conviction under this subsection, the person shall [] be sentenced to a term of imprisonment of not less than 25 years." Because the statute is clear—and no party disputes—that each count of conviction under Section 924(c) must result in a sentence consecutive to any underlying offense and to any other Section 924(c) count sentence, the Court thus imposed as required a sentence of seven years for Defendant's first count of conviction pursuant to Section 924(c)(1)(A)(ii) (Count 2 of the Indictment) and 25 years each for his ten "second or subsequent" convictions under Section 924(c)(1)(C)(i)  (Counts 4, 6, 8, 10, 12, 14, 16, 18, 20 and 22), for a total of 257 years—the minimum it could impose for the eleven such Section 924(c) conviction counts at the time.

Defendant moves the Court under Section 3582(c)(1)(A)(i) for early release based on "extraordinary and compelling reasons." He urges such grounds are present in this matter due to "the gross disparity between sentences imposed pre-and post-enactment of § 403 of the FSA and the sheer length of the sentence(s)." (Doc. 203 at 1.) The government opposes compassionate release, arguing that Defendant does not satisfy the statutory requirements for it.

**II.      Relevant Legal Standards**

  **A. Compassionate Release**

Section 403 of the FSA modified the "compassionate release statute," 18 U.S.C. §3582(c)(1)(A), to allow incarcerated defendants to directly move the Court to reduce their

sentence upon the satisfaction of three requirements. First, a defendant can only make such motion directly to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court must find, upon considering the factors set forth in section 3553(a) to the extent that they are applicable, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). And third, the Court must find that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* [2]

**B. Mandatory Minimum Sentences**

The FSA also made substantial changes to mandatory minimum sentencing

---

[2] The actual text of the statute as amended by the FSA now provides, in pertinent part, as follows:

> (c) **Modification of an imposed term of imprisonment**.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, [] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c)(1)(A)(i).

provisions, among them the operation of Section 924(c), going forward. The FSA modified Section 924(c)(1)(C) to require a 25-year minimum sentence only where a defendant committed a second or subsequent 924(c) violation "after a prior [924(c)] conviction . . . has become final." *United States v. Davis*, 139 S. Ct. 2319, 2324 n. 1 (2019)(citing Pub. L. 115-391, § 403(a), 132 Stat. 5221). Thus, if Defendant were sentenced after the effective date of the FSA, the second through eleventh counts of conviction under Section 924(c) would not have been committed "after a prior 924(c) conviction had become final," and thus would each carry a minimum sentence of only 7 years, rather than 25 years, though they all still would run consecutively to each other. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The change would result in a total minimum sentence of 77 years for the eleven Section 924(c) violations, rather than 257 years.[3]

### III. Analysis
#### A. Exhaustion

The Court begins by determining, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, whether Defendant has met each of the three requirements for reduction of sentence under Section 3582(c)(1)(A): 1) exhaustion; 2) extraordinary and compelling reasons: and 3) a finding that a reduction is consistent with applicable Sentencing Commission policies. In the instant case, that Defendant has met the first requirement—exhaustion—is uncontested. Defendant petitioned the warden of USP—Victorville on August 3, 2021, and received no response within thirty days of his petition nor at any time up to the filing of his Amended Motion on May 25, 2022. (Doc. 203-1 Exh, E.) Defendant therefore is entitled to a review of his request on its merits.

---

[3] Defendant raised this issue on appeal after enactment of the FSA. The Ninth Circuit ruled that Defendant did not qualify for re-sentencing with the FSA's revised limitation because the Court had imposed his sentence before the FSA's effective date, and the United States Supreme Court had held that the Act only would be applied "going forward" from its effective date of December 21, 2018. (Doc. 155 at 5.)

**B. "Extraordinary and Compelling Reasons" for Reduction of Sentence**

"Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020)(citing 28 U.S.C, § 994(t)). This Court thus ordinarily would look to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Ninth Circuit has held that because the United States Sentencing Commission has not yet updated Section 1B1.13 of the Sentencing Guidelines since the FSA amended Section 3582(c)(1)(A), Section 1B1.13 is not an applicable policy statement for compassionate release motions filed by a Defendant under the FSA such as Defendant has filed here. *United States v. Aruda*, 993 F.3d 797, 798 (9th Cir. 2021). Thus, Section 1B1.13 is not binding on this Court in considering such motions, *Aruda*, 993 F.3d at 802, and the Court is free to—and does—consider whether other circumstances beyond those addressed in Section 1B1.13 constitute "extraordinary and compelling reasons" to grant relief under Section 3582(c)(1)(A). However, *Aruda* also provided that "Section 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," *id.* at 802, and the Court thus still considers the guideline section in this limited light, as informative but not binding.

Application Note 1 to Section 1B1.13 provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The defendant is at least 65 years old [and] has served at least 10 years or 75 percent of his [] term of imprisonment, whichever is less  . . . (C) The death or incapacitation of the caregiver of the defendant's minor child  or children; or (D) There exists in the defendant's

case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018). Subsection (D) is the only one of these circumstances that Defendant arguably could satisfy, and its description, circular as it is, does not by itself aid the Court much in a determination.

Fortunately, the Ninth Circuit's recent opinion in *United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022) provides firm guidance on the precise issue Defendant advances. In *Chen*, the defendant had been convicted of two counts of violating Section 924(c) in the same matter. At his sentencing, which occurred before enactment of the FSA, he received a five-year sentence for the first Section 924(c) count and a twenty-five-year consecutive sentence for the second count of conviction. 48 F.4th at 1093-94. After enactment of the FSA, he moved for a reduced sentence under the compassionate release statute, arguing that had he been sentenced after enactment of the FSA, he would have received only 5 years for the first Section 924(c) count and a consecutive 5 years for the second count, for a total of only ten years on the Section 924(c) violations; thus the thirty years he received on those two violations constituted a gross disparity from sentences received by similarly situated offenders sentenced post-FSA. This, the defendant argued, constituted extraordinary and compelling circumstances within the meaning of Section 3582(c)(1)(A)(i). The government opposed the motion, relying on the fact that the FSA's amendment to Section 924(c) was non-retroactive. The court in *Chen* agreed with the defendant, holding that

> a district court may consider the First Step Act's non-retroactive changes to sentencing law, in combination with other factors particular to the individual defendant, when determining whether extraordinary and compelling reasons exist for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

*Id*. at 1093; *see also id*. at 1099 ("We [] allow district courts to consider any extraordinary and compelling reason a defendant might raise, including § 403(a)'s non-retroactive changes in sentencing law.") Thus the Court here may consider whether the FSA's changes to the Section 924(c) sentencing provisions, in combination with other factors particular to

Defendant Hamilton, constitute extraordinary and compelling reasons. And upon that consideration, the Court concludes that such extraordinary and compelling reasons do exist here.

### C. Whether Reduction is Consistent with Applicable Policy Statements

The Ninth Circuit in *Chen* also instructs that the third requirement for a reduced sentence—whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission—is satisfied in Defendant's case. Chen's motion for reduced sentence pursuant to the FSA was predicated on disparities between Section 924(c) mandatory minimum sentences before and after enactment of the FSA, like Defendant Hamilton's instant Motion. And in considering Chen's motion, the Ninth Circuit held that because the United States Sentencing Commission had yet to promulgate policy statements in response to the newly-enacted FSA's reduction to mandatory minimums for second or subsequent Section 924(c) convictions, "there is no applicable policy statement governing Chen's motion." *Id.* at 1095–96. Thus, reducing Defendant's sentence based on the sentencing disparity resulting from operation of the FSA's non-retroactive changes to Section 924(c) mandatory minimums is not inconsistent with any Sentencing Guideline policy statement.

### D. What Reduction is Warranted

Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court concludes a reduction in Defendant's sentence is warranted under Section 3582, as modified by the FSA. Those factors that militate toward a lengthier sentence are still satisfied if the sentence is reduced according to the new mandatory minimum sentences for Section 924(c) offenses established under the FSA, and the factors militating toward a reduction are addressed.

First, the nature and circumstances of the offenses of conviction—that Defendant carried out armed robberies of eleven different convenience stores on eleven different nights over an approximate two month period; that he brandished a firearm at the lone convenience store clerk in each instance as he ordered them to take actions; that all eleven

victim clerks testified they were frightened for their lives, including one who urinated on herself during the robberies, as shown in surveillance video admitted at trial—is still adequately accounted for by a mandatory, consecutive seven-year sentence for each of the eleven Section 924(c) conviction counts.

Similarly, each of the deterrence concerns voiced in the sentencing factors, including the need to promote respect for the laws of the United States and the need to protect the community from future offenses by the Defendant, are still vindicated by a mandatory minimum aggregate sentence. The Court observes that after each of the eleven armed robberies of which Defendant ultimately was convicted, he had time—usually several days—to reflect on his actions and the harm they caused to the individual victims, and to decide whether to cease his course of conduct or to continue. In each case, right up until he was apprehended fleeing the site of his last armed robbery, he chose to continue putting others at risk. Under such circumstances, the Court concluded at sentencing, and still concludes, that the sentencing factors required significant specific deterrence as a component of the sentence. But the newly adjusted mandatory minimum sentences for Section 924(c), at seven years per count of conviction, still provide that significant amount of specific deterrence, and thus satisfy the deterrence-related factors.

Conversely, the Court here finds a reduced sentence to the newly adjusted statutory minimums of seven years per count of conviction under Section 924(c) cognizably addresses the sentencing factor requiring the Court to avoid unwarranted sentencing disparities. The Court originally imposed 257 years in the aggregate for Defendant's eleven Section 924(c) convictions, representing Section 924(c)'s mandate that the first count with the brandishing finding mandated a seven-year sentence, and each of the subsequent ten counts mandated an additional 25 years. As modified by the FSA, Section 924(c) still requires consecutive sentences for each count of conviction under it, but because Defendant had no Section 924(c) conviction which had become final at the time of the other convictions, the statute only requires a seven-year sentence for each count, for a total of seventy-seven years. A reduction of 180 years on the mandatory minimum Section 924(c)

sentences here avoids unwarranted sentencing disparities between a defendant sentenced before enactment of the FSA and one sentenced after enactment for the same offenses.

The Court likewise has considered all of the remaining sentencing factors under Section 3553(a), and finds they do not militate strongly enough in either direction in Defendant's case to affect its conclusion.[4] Because the aggregated sentences for the Section 924(c) convictions are by themselves sufficient to address all of the sentencing factors militating for a longer term of imprisonment, the Court concludes no substantial additional time is required for the eleven Hobbs Act Robbery conviction counts which are not subject to any mandatory minimum sentence. The Court therefore will vary downward for the reasons set forth above and impose only a one-day sentence for those eleven counts, to which the Section 924(c) sentences must be served consecutively.

In his Motion, Defendant's counsel asks the Court to reduce Defendant's sentence to time served in this matter—slightly less than seven years total. But Section 924(c) requires by its own express terms that the minimum sentence the Court could impose in this case, even under the statute's newly reduced mandatory minimum as modified by the FSA, is seventy-seven years. This is driven by Defendant's convictions on eleven separate counts under Section 924(c), each of which was in connection with and in furtherance of a separate robbery, and each of which has a mandatory term of seven years which must run consecutive to any other count:

> [n]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C.A. § 924(c)(1)(D)(ii). In making the request for a time-served sentence here,

---

[4] Defendant similarly only focused on aspects of the above three factors in his Motion. (Doc. 203 at 11.)

counsel has ignored the above Congressionally-imposed mandatory minimums in his briefing. He also has failed to note that in none of the cases he cites did the district court, in reducing a defendant's sentence under the FSA, violate Section 924(c)(1)(D)(ii) by going below the newly established statutory minimum sentence as re-calculated. *United States v. Owens*, Case No. 97-CR-02546, ECF No. 93 (S.D. Cal. Mar. 23, 2020) on which Defendant relies in his briefing, illustrates this point.

In *Owens*, the defendant had been convicted of four counts of bank bobbery and two counts of knowing use of a firearm in connection with robberies under Section 924(c). In 1999, long before the FSA reduced the mandatory minimums of Section 924(c), the court sentenced the defendant to the mandatory minimum of five years on the first Section 924(c) count and the mandatory minimum of twenty years on the second count, all consecutive to eight years on the robberies, for a total of 33 years. After Congress enacted the FSA, the defendant in *Owens* moved for a reduction of sentence under Section 3582, arguing that had he been sentenced after enactment of the FSA, he would have received only two consecutive five-year sentences, or ten years combined for his Section 924(c) convictions, for a total of eighteen years including his robbery sentences. The Court in *Owens* agreed and sentenced the defendant to time served. In so doing, however, it observed that the defendant had already served 21 years of his sentence, which far exceeded the new, reduced mandatory minimum, as well as part of his consecutive guideline sentence for the robberies.

Every case Defendant cited in his instant Motion is consistent with the above limitation of Section 924(c)(1)(D)(ii).[5] It is also true of all additional cases on point that

---

[5] *See, e.g., United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022)(defendant initially sentenced to 408 months imprisonment, 300 months of which were for multiple mandatory minimum Section 924(c) counts; after enactment of FSA, mandatory minimum consecutive sentences for those counts would have been 120 months; because defendant had already served 180 months, well in excess of what would have been the reduced mandatory minimum sentences, court granted his motion for reduction and sentenced him to time served) discussed *supra*; *United States v. Chan*, No. 96-CR-00094, 2020 WL 1527895, at 5* (N.D. Cal. Mar. 31, 2020)(same limitation on reduction); *United States v. Redd*, Case No. 1:97-cr-00006-AJT, 2020 WL 1248493, at *3 (E.D. Va. Mar. 16, 2020) (same limitation)("As a practical matter, an offender now faces a mandatory five year consecutive sentence, rather than an enhanced 20 or 25 year sentence, for a second or

the Court identified through its own research.[6] Defendant has provided no law, nor could the Court find any on its own, holding or even suggesting that a district court in evaluating a motion for reduction of sentence or early release pursuant to Section 3582(c)(1)(A) can ignore Congressionally imposed mandatory minimum or mandatory consecutive sentences and reduce a sentence below same.

Another way to frame the analysis of this issue is that the "extraordinary and compelling reason" for reducing Defendant's sentence to avoid unwarranted discrepancies with post-FSA sentences extends no further than a reduction to the sentence Defendant would have received had he been sentenced post-FSA. To reduce his sentence any further than that would in fact create unwarranted disparities in the opposite direction, imposing a more lenient sentence than similarly situated defendants facing sentencing post-FSA can now receive.

Moreover, granting the relief Defendant has requested here would create the impermissible result that any defendant receiving a statutory minimum sentence could simply return to the court a year, a week or a day after finality of that judgment and seek a further reduction below the statutory minimum to a sentence the court could not previously have imposed under law. For this obvious reason the Court cannot reduce Defendant's sentence for the eleven Section 924(c) counts pursuant to Section 3582(c)(1)(A) to less

---

subsequent § 924(c) conviction when multiple § 924(c) offenses are charged in the same indictment without a previous final § 924(c) conviction.") ; *United States v. Urkevitch*, 8:03CR37, 2019 WL 6037391, at *8 (D.Neb. Nov. 14, 2019) (court found in evaluating FSA-based motion for reduction that if defendant had been sentenced after FSA, rather than the 660 months of mandatory minimum sentences he received for his three Section 924(c) convictions, he would have received only 180 months; because defendant had not yet served 180 months, court declined to sentence defendant to time served, but simply reduced his sentences for the three 924(c) convictions to 180 months aggregate).

[6] *United States v. Smith*, 538 F. Supp. 3d 990 (E.D. Cal. 2021) (defendant sentenced to five year term for first Section 924(c) conviction and twenty years for second 924(c) count, all consecutive to additional 100-month sentence for robberies; subsequent enactment of the FSA reduced mandatory minimums combined to ten years thereafter; because defendant had served well in excess of ten years by the time he filed his motion for reduction based on FSA, court reduced sentence to 25 years time served); *United States v. Luna*, 478 F.Supp. 3d 859 (N.D. Cal. 2020) (in granting motion pursuant to Section 3582((c)(1)(A), court reduced defendant's sentence to time served where he had already served in excess of the new mandatory minimum); *United States v. Lili*, 528 F.Supp.3d 1153 (D. Haw. 2021) (same); *United States v. Jones*, 482 F.Supp.3d 969 (N.D. Cal. 2020)(same).

than 77 years, which reduction it does make. The Court will order the reduction in sentence immediately and without additional proceeding pursuant to Fed. R. Crim. P. 43(b)(4).

**IT IS THEREFORE ORDERED** granting Defendant's "Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (Compassionate Release)" (Doc. 203).

**IT IS FURTHER ORDERED** that the Judgment of Conviction shall be amended to reflect that the Defendant is sentenced to a total of 77 years and one day, to be comprised of a sentence of one day each on Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21, all to run concurrent with one another; and sentences of seven (7) years each on Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22, to be served consecutive to each other and consecutive to the sentence on Counts 1, 3, 5, 7 9, 11, 13, 15, 17, 19, and 21. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THIRTY-SIX (36) MONTHS on Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21 and SIXTY (60) MONTHS on Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20 and 22, said counts to run concurrently.

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant's Motion to Strike (Doc. 219). The Motion is denied insofar as it seeks to strike the government's notice of new authority. It is granted insofar as it seeks to strike new argument as to the implications of that authority.

Dated this 13th day of January, 2023.

Honorable John J. Tuchi
United States District Judge